UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YVES ANDRE,

                Plaintiff,

- against -

JUSTICE LUIGI MARANO, aka De-Facto
Justice Luigi Marano; JACK M. BATTAGLIA;
HONORABLE ANN PFAU, Chief
Administrative Judge; and HONORABLE
SYLVA O. HINDS-RADIX, a Justice d/b/a
SUPREME COURT OF NEW YORK INC.,
UNIFIED COURT SYSTEM OF NEW YORK
INC.; and JOHN and JANE DOE'S 1-12,

                Defendants.
-----------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
10-CV-00953 (RRM)

MAUSKOPF, United States District Judge.

*Pro se* Plaintiff Yves Andre ("Plaintiff") brings this action against several Judges of the New York Supreme Court, County of Kings and the Unified Court System of New York. Plaintiff seeks billions of dollars in damages. (Compl. at 26.)[1] Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff's Complaint is dismissed for the reasons stated below.

I. BACKGROUND

Plaintiff possesses a judgment from the New York Supreme Court, Kings County, in the amount of ten million dollars against James Kalanzi, Cyril Young and Overseas Limited, all located at 14 East 28th Street, Apartment 335, in New York County. (*Id.* at 83, 94-95.)

---

[1] The Court has paginated Plaintiff's Complaint and its attachments for ease of reference.

1

In the state court action, under index number 24379/07, a default judgment was granted on December 18, 2008 and the action was referred to a Judicial Hearing Officer for an inquest. (*Id.* at 82.) Judgment was entered on March 17, 2009. (*Id.* at 92.) On June 10, 2009, Judgment After Inquest was entered by the Honorable Luigi Marano, Judicial Hearing Officer, by which Plaintiff was awarded "a total sum of ten million ($10,000,000.00) Dollars. Period." (*Id.* at 83-86.) Plaintiff brings this action because he has, to date, been unable to collect on the judgment. He alleges that there is a conspiracy among the judges of the state court and that the judges were not authorized to enter the Orders and Judgments in his case.

The clarity of this summary of Plaintiff's claims is belied by the Complaint itself, which is over one hundred pages of mostly unintelligible allegations against the New York state court system in general, and against the Defendant judges specifically. But for the state court documents appended to the Complaint, the Court would be unable to grasp Plaintiff's claims. For example – and the language excerpted here is typical of the Complaint – Plaintiff states: "All evidence accepted by the court/Judge, without being sworn to under Oath, against me is counterfeit, FRAUD, CONSPIRACY, FALSE DOCUMENTS and obtained from hearsay testimony by foreign enemies posing as attorneys, who are protected and armed against me by a court with unproven jurisdiction and stand in defiance of the law by refusal and denial of due judicial press (special appearance). At minimum, conflict of interest takes place." (*Id.* at 5 (emphasis in original).) This is all the more confusing since it appears from the documents Plaintiff includes that he prevailed in the state court action. Plaintiff also includes an affidavit in support of "criminal complaint, felonies, high crimes, misdemeanors," in which he alleges

treason and the alleged violation of various laws.[2] (*Id.* at 14-25.)

## II. STANDARD OF REVIEW

In reviewing Plaintiff's Complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy, or (2) the claim is based on an indisputedly meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations and quotation marks omitted).

## III. DISCUSSION

A. Claims Against New York State Judges

Plaintiff names four judges as Defendants in this action: the Honorable Ann Pfau, Chief Administrative Judge of all New York State courts, the Honorable Sylvia O. Hinds-Radix and the Honorable Jack M. Battaglia, Supreme Court Justices, Kings County, and Luigi Marano, Judicial Hearing Officer, Kings County Civil Supreme Court. All of these Defendants have absolute immunity from this action.

It is well-settled that judicial officers have absolute immunity from suit for judicial acts

---

[2] Individual citizens may not bring criminal charges; that authority is left to state and federal prosecutors. *Leeke v. Timmerman*, 454 U.S. 83 (1981) (private citizen may not bring a federal criminal action).

performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9,11 (1991). Judicial immunity, like other forms of official immunity, is immunity from suit, not just from the ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978) (internal quotation and citation omitted). The Second Circuit follows the rule set forth in *Stump*:

> The cloak of immunity is not pierced by allegations of bad faith or malice, even though unfairness and injustice to a litigant may result on occasion. The principle of judicial immunity recognizes that a judge may err. But it is better for a judge when exercising the discretion inherent in his judicial power to risk some error and possible injury from such error than not to decide or act at all . . . The Supreme Court has specifically applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983.

*Tucker v. Outwater*, 118 F.3d 930, 932-933 (2d Cir. 1997) (internal quotations and citations omitted). In this case, all of the judges' actions challenged in the Complaint were related to the exercise of their judicial functions. Thus, the Defendant judges are entitled to absolute immunity and the Complaint against them is dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

Likewise, Judicial Hearing Officer Luigi Marano is entitled to absolute immunity. A Judicial Hearing Officer (JHO) is a former judge or justice of a court of record of the Unified Court System and is now designated by the Chief Administrator of the Courts to hear particular proceedings. *See* http://www.nycourts.gov/rules/chiefadmin/122 (last visited March 10, 2010). Absolute immunity extends to others who perform functions closely associated with the judicial process, including hearing examiners and administrative law judges. *Mahapatra v. Comstock*, 141 F.3d 1152 (2d Cir. 1998) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) and *Oliva v.*

*Heller*, 839 F.2d 37, 39 (2d Cir. 1988)). As noted earlier, in the state court action, JHO Marano presided over the inquest to determine the amount of damages to which Plaintiff was entitled. Thus, JHO Marano is also entitled to absolute immunity and the Complaint against him is dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

B. Claims Against The New York Unified Court System

The New York State Unified Court System is an arm of the State and is therefore protected by Eleventh Amendment sovereign immunity. The Eleventh Amendment of the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity," or unless Congress has "abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F. 3d 355, 366 (2d Cir. 2009) (citation omitted). In *Gollomp*, the Second Circuit conducted an exhaustive review of the cases which have considered "the question of whether the New York State Unified Court System is an arm of the State" and found that "every court" to have considered the question "has concluded that it is, and therefore protected by Eleventh Amendment immunity." *Id.* Thus, the Second Circuit held: "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Id.* (citation omitted). Since the New York State Unified Court System is entitled to Eleventh Amendment sovereign immunity, the Complaint against it is

dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

## IV. CONCLUSION

Accordingly, Plaintiff's Complaint is dismissed because it seeks monetary relief against Defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has considered granting Plaintiff leave to amend his Complaint but declines to do so in light of its futility. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 18, 2010

/S/
ROSLYNN R. MAUSKOPF
United States District Judge